## Livingston & Co. to use of George T. Sellers, Surviving Partner, Appellant, v. F. M. Stevenson.

*Contract—Sale—Warranty.*

In an action upon a contract of sale to recover the price of an article which the plaintiff dealt in, but did not manufacture, it is proper to charge that unless the jury believe from the evidence that the plaintiff expressly warranted the article to work satisfactorily, or fraudulently or falsely represented that it would work satisfactorily, then the plaintiff is entitled to recover, even if the jury find that it did not work satisfactorily.

*Evidence—Previous conduct of defendant.*

In an action to recover the price of an article sold to defendant, where defendant denies all indebtedness, it is proper to permit a witness to testify that when the same claim was presented before a justice of the peace, defendant claimed a set-off to a portion of the claim.

Argued May 16, 1894.　Appeal, No. 415, Jan. T., 1894, by plaintiffs, from judgment of C. P. Lancaster Co., Aug. T., 1891, No. 138, on verdict for defendant.　Before Sterrett, C. J., Williams, McCollum, Mitchell and Fell, JJ.　Reversed.

Assumpsit on promissory note.　Before Brubaker, J.

At the trial it appeared that the note in question, which was for $90.00, was a renewal of the note originally given for a windmill, sold but not manufactured by plaintiff.　Defendant claimed that the windmill did not work satisfactorily.

When P. P. Sentman, a justice of the peace and witness for plaintiff, was on the stand, he was asked: "Did or did not Mr. Stevenson, the defendant in this case, make as a defence before you a set-off of $57.50 against this note in suit here?" Objected to.　Objection sustained and exception. [9]

The court charged in part as follows:

"[I shall not answer the points presented, because the questions of guaranty and warranty do not arise here.] [1]　The defendant claims only that the pump was to give him water— as much water as he needed—on the premises.　He used the word 'guaranty,' but he himself cannot give you the law definition or an explanation of what he meant by the word.　There was no express guaranty proven.　[The defendant said it was to be satisfactory.　Was it satisfactory?　If not, your verdict should be for the defendant.] [3]　You will determine that according to the evidence.　Decide that, and all other questions of fact in the case, according to the testimony adduced·from the witness stand, and render such a verdict as you think proper and just from the evidence submitted.

"[There being no evidence of either a guaranty or a warranty in this case, as I have already said in my general charge, it is not necessary to answer the points submitted.]" [2]

Plaintiff's 4th point is given in opinion of Supreme Court.

Verdict and judgment for defendant.　Plaintiff appealed.

*Errors assigned* were (1–3, 5) instructions; (9) ruling; quoting bill of exceptions and instructions.

*James M. Walker* and *T. B. Davis*, for appellants.—There was no sufficient evidence of warranty: Wetherill v. Neilson,

20 Pa. 448 ; Whitaker v. Eastwick, 75 Pa. 232 ; Eagan v. Call, 34 Pa. 236 ; Weichardt v. Hook, 83 Pa. 434 ; Jackson v. Wetherill, 7 S. & R. 480 ; Weimer v. Clement, 37 Pa. 147; Staines v. Shore, 16 Pa. 200.

On the trial defendant denied any indebtedness. At the hearing before the justice his defence was only to a portion of plaintiff's claim, viz: a set-off of $57.50. If that was a true defence the one in court was not, and the question should have been allowed as affecting the credibility of defendant and the fairness of the defence set up.

*W. U. Hensel, J. Hay Brown* with him, for appellee.—The pump worked unsatisfactorily, or did not work at all, because it was not high enough, and when Sellers promised to make it satisfactory, that was the consideration for the note in suit, and Egan v. Call, 34 Pa. 236, declares that the consideration fails when the promisor does not get that which the promisee agreed to give as a motive for the promise.

In Weimer v. Clement, 37 P. 147, relied upon by appellant, the defendant bought an old boat, had the opinion of others, and was to pay for her, not the price of a good article, but of a defective one.

In Whitaker v. Eastwick, 75 Pa. 229, it was shown that defendants were acquainted with the general character of the coal they bought ; that they bought it as defective goods under price.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894:

The charge in this case was unfortunately inconsistent. The plaintiff's points were put aside without answer on the ground that "the questions of guaranty and warranty do not arise here," and yet the jury were in effect told there was a warranty, by the instruction "The defendant said it was to be satisfactory. Was it satisfactory? If not, your verdict should be for defendant."

The case was one which required that the jury should have clearly explained to them the distinction between a warranty and a mere representation. Probably a large majority of sales are made under a more or less express representation that the article will be "satisfactory" to the buyer, but that affords no

ground for a refusal to pay. The law on this subject was correctly stated in plaintiff's fourth point, that " unless the jury believe from the evidence that the plaintiff expressly warranted the windmill to work satisfactorily, or fraudulently and falsely represented that it would work satisfactorily, then the plaintiff is entitled to recover, even if the jury find that it did not work satisfactorily." This point should have been affirmed. The plaintiff was not a manufacturer making windmills to order, but a dealer selling them ready made. The circumstances therefore did not raise any warranty by implication. If there was no express warranty there was none at all: Warren v. Phila. Coal Co., 83 Pa. 437; Ryan v. Ulmer, 108 Pa. 332; Shisler v. Baxter, 109 Pa. 443; Mahaffey v. Ferguson, 156 Pa. 156. The learned judge charged that " there was no express guaranty proven." In the absence of any evidence of fraudulent misrepresentations, under this view he should have directed a verdict for plaintiff.

The question asked of Sentman, whether defendant, when sued on this claim before the witness as justice of the peace, made defence only on a set-off, should have been admitted. It bore directly on the probable good faith of the present defence.

Judgment reversed and venire de novo awarded.